IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

**CURTIS LEE WATSON,**

       Petitioner,

v.                                                               Case No. 3:16cv109
                                                                          (GROH)

**FCI HAZELTON,**

       Respondent.

## REPORT AND RECOMMENDATION

On July 18, 2016, Petitioner filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 together with a Motion for Leave to Proceed *in forma pauperis*. On July 20, 2016, Petitioner's Motion was granted. Accordingly, this matter, pending before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., is ripe for review.

### I. Conviction and Sentence[1]

On August 10, 1978, the Superior Court for the District of Columbia ("D.C. Superior Court") sentenced Petitioner, in Case Number 76-91888, to two (2) terms of 5-15 years for Burglary I while Armed (Counts A & D), running consecutively to each other; to two additional 5-15 terms for Assault with a Dangerous Weapon (Counts F & I), running concurrently to each other and to Count D; and to a 40-month to 10-year term for Assault with Intent to Kill (Count C), running concurrently to Count A. The total aggregate term for this case was ten (10) years minimum to thirty (30) years of imprisonment.

Also on August 10, 1978, in Case Number 77-69971, the D.C. Superior Court sentenced Petitioner to a term of twenty (20) years (Count B) for Murder in the First Degree while Armed; and

---

[1] The facts of Petitioner's conviction and sentence were taken from a previous § 2241 filed by him in this district regarding a parole issue. See Civil Action No. 1:14cv114.

a one-year sentence for Carrying a Pistol without a License (Count C). Both sentences were to run consecutive to the sentences imposed in Case Number 76-91888. Accordingly, Petitioner's sentences were aggregated to a minimum term of thirty (30) years and a maximum term of life imprisonment.

On August 29, 1988, Petitioner escaped from confinement while serving his sentence at the Lorton Reformatory.[2] He was arrested by members of the United States Marshal Service for the District of Arizona on October 31, 1995. On March 15, 1996, Petitioner was sentenced in the United States District Court for the Eastern District of Virginia to twelve (12) months incarceration for escape, to run consecutively to any other present or previous sentences.

## II. Claims of Petition

Petitioner brings this case pursuant to § 2241 alleging that no indictment was issued on the charges contained in Case Number 77-69971. In addition, Petitioner alleges that he was denied counsel and the official court docket was falsified and removed from the court house during his first appeal in 1979. Accordingly, Petitioner alleges that his conviction must now be addressed. For relief, Petitioner seeks a "hearing so as to allow Department of Justice to confirm this Petitioner was 'never charged' with these crimes he has now served four decades–and the consideration anon [sic] or release for this Petitioner is demanded!" ECF No. 1 at 8.

## III. Standard of Review

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and

---

[2] The full name of that facility was the D.C. Correctional Facility at Lorton. The Balanced Budget Act of 1997 required D.C. officials to begin transferring prisoners as soon as possible and to close Lorton within four (4) years. The prison closed in 2001, and D.C. inmates are now housed in Bureau of Prisons facilities.

recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts (2014); see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (2014) (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254). As a *pro se* litigant, the Petitioner's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirement of liberal construction does not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, the Petitioner clearly is not entitled to relief under 28 U.S.C. § 2241, and therefore, no response has been required of Respondent.

### IV. Analysis

Prior to 1970, "the D.C. court system did not exist in its present form, and many of the cases now brought in the District's courts were instead heard in federal court." Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998). That system changed in 1970, when the United States Congress passed the District of Columbia Court Reform and Criminal Procedure Act, Pub. L. No. 91-358 (1979) ("Court Reform Act"). The Court Reform Act established the current dual court system and provided a "remedy analogous to 28 U.S.C. § 2255 for prisoners sentenced in D.C. Superior Court who wished to challenge their conviction or sentence." Blair-Bey, at 1042 (citing D.C. Code § 23-110).

Section 23-100(g) provides:

> An application for a writ of habeas corpus on behalf
> of a prisoner who is authorized to apply for relief by motion

> pursuant to this section, **shall not be entertained** by the Superior Court or **by any Federal or State court** if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

(Emphasis added).

Therefore, prisoners, such as this Petitioner, sentenced by the Superior Court of the District of Columbia may collaterally challenge the constitutionality of their convictions by moving in that court under D.C. Code § 23-110. Garris v. Lindsay, 794 F.2d 722, 725 (D.C.Cir.)(*per curiam*), *cert denied*, 479 U.S. 993 (1986); *see also* Byrd v. Henderson, 199 F.3d 34, 36-37 (D.C. Cir. 1997) ("Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motions in the sentencing court-the Superior Court-pursuant to D.C. Code § 23-110."). If that avenue proves unsuccessful, the prisoner may then appeal in the D.C. Court of Appeals, which is the highest court in the local D.C. court system. See Garris, supra at 725 (citing D.C. Code § 23-110(f)).

The Court Reform Act further "provided that, to the extent that [a] remedy [under D.C. Code § 23-110] was available, **it was an exclusive one."** Blair-Bey, supra at 1042 (emphasis added.) In fact, the Supreme Court has characterized D.C. Code § 23-110(g) as an "unequivocal command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court...." Swain v. Pressley, 430 U.S. 372, 377 (1977). In Swain, the Supreme Court held that a district court lacks jurisdiction to entertain a habeas corpus petition attacking the constitutional validity of a Superior Court sentence even after the local remedy, if adequate and effective, has been pursued unsuccessfully. 430 U.S. at 377-78. Consequently, while "prisoners sentenced by state courts may resort to federal habeas corpus after exhaustion of their state remedies, a District of Columbia prisoner has no recourse to a federal judicial forum unless the local remedy is 'inadequate or

4

ineffective to test the legality of his detention.'" Garris, supra at 726 (citations omitted). Thus, the Court Reform Act "entirely divested the federal courts of jurisdiction to hear habeas corpus petitions by prisoners who had a section 23-110 remedy available to them, unless the petitioner could show that the section 23-110 remedy was 'inadequate or ineffective.'" Blair-Bey, supra at 1042.

Determining whether the remedy available to a prisoner under § 23-110 is inadequate or ineffective "hinges on the same considerations enabling federal prisoners to seek habeas review." Perkins v. Henderson, 881F.Supp. 55, 59 (D.D.C. 1995); see also Swain, supra at 377 ("the language of § 23-110(g) was deliberately patterned after 28 U.S.C. § 2255"). Indeed, the determinative factor "is the inefficacy of the remedy, not a personal inability to utilize it...." Garris, supra at 727; see also David v. Bragg, 1991 WL 21563, at *3 (D.D.C. Feb. 14, 1991)("[T]he focus is on the efficacy of the remedy itself, and a federal court will therefore have jurisdiction only in extraordinary cases, especially given the similarity between the D.C. and federal habeas remedies.")

Here, Petitioner has made no demonstration that the remedy available under § 23-110 is an "inadequate or ineffective" means of challenging his sentence. His lack of success on a prior collateral attack on his conviction (Judgment, Watson v. United States, No. 14-CO-672 (D.C. Ct. Of App. Mar. 30, 2015) (affirming Superior Court's denial of § 23-110 motion as procedurally barred as successive and for abuse of writ)), does not render his local remedy inadequate or ineffective.[3] See  See Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000) (stating, in the analogous context of 28 U.S.C. § 2255, that "[t]his Court and other Courts of Appeals have consistently noted that a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy")(internal quotations omitted); Perkins v. Henderson, 881 F.Supp. 55, 59 n. 5 (D.D.C. 1995) ("A petitioner may not

---

[3]Petitioner raised the same argument regarding the lack of an indictment in Watson v. United States, Civil Action No. 1:15cv867-UNA (DDC) and attached the Judgment of the District of Columbia Court of Appeals. ECF No. 1 at 3.

complain that the remedies provided him by § 23-110 are inadequate merely because he was unsuccessful when he invoked them.").[4]

## VI. Recommendation

For the reasons stated in this opinion, it is recommended that the § 2241 petition be **DENIED** and **DISMISSED WITH PREJUDICE** because it does not demonstrate that a motion under § 23-113 is, or was, inadequate or ineffective to test the legality of Petitioner's conviction and detention and, therefore, this Court lacks jurisdiction to entertain the same. It is further recommended that Petitioner's Pro Se Motion for Hearing [ECF No. 9] and Motion for Injunction [ECF No. 11] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this recommendation, Petitioner may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge for the Northern District of West Virginia. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

---

[4]The undersigned notes that a review of PACER establishes that the Petitioner has filed numerous case pertaining to the same conviction and sentence. See, e.g., Watson v. United States, Civil Action No. 1:15-cv-00867-UNA (DCD); Watson v. United States, Civil Action No. 5:09-cv-200-Oc-10GR (MDFL) (dismissing petition as frivolous, successive and an abuse of the writ); Watson v. United States, (dismissing case as frivolous, successive and an abuse of the writ and warning Petitioner that the filing of a frivolous case will lead to the imposition of monetary sanctions); Watson v. United States, Civil Action No. 5:06-cv-415-WTH-GRJ (dismissing case as frivolous, successive and an abuse of the writ and imposing a monetary sanction of $100); Watson v. United States, Civil Action No. 5:05-cv-369-Oc-10GRJ; Watson v. United States, Civil Action No. 5:05-cv-297-)C-10GRJ (dismissing Petition for Writ of Error Coram Nobis); Watson v. United States, Civil Action No. 5:04-cv-290-Oc-10GRJ (citing other previous cases); Watson v. Dorsey, et al., Civil Action No. 99-2817 (DDC).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 26, 2016.

    */s Michael John Aloi*
MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE