# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CURTIS LEE WATSON,**

    Petitioner,

v.                                    **CIVIL ACTION NO.: 3:16-CV-109 (GROH)**

**WARDEN, FCI Hazelton**

    Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge Michael J. Aloi. Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Aloi for submission of a proposed report and recommendation. On August 26, 2016, Magistrate Judge Aloi conducted an initial review and filed a report and recommendation ("R&R"). ECF No. 12. In the R&R, the magistrate judge recommends that this Court deny and dismiss with prejudice the Petitioner's 28 U.S.C. § 2241 petition.

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or

1

recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Moreover, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Aloi's R&R were due within fourteen (14) days after being served with a copy of the R&R pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. Petitioner was served with the R&R on August 29, 2016. Petitioner timely filed his objections on September 9, 2016. Accordingly, this Court will undertake a *de novo* review of those portions of Magistrate Judge Aloi's findings to which objection is made. This Court will review the remainder of the R&R for clear error.

## I. Background

On August 10, 1978, the Superior Court for the District of Columbia sentenced the Petitioner to serve thirty years to life in prison for various crimes in two different cases, including carrying a pistol without a license, armed burglary, assault with a dangerous weapon, assault with intent to kill and first degree murder while armed. In 1988, the Petitioner escaped from confinement, and he was not located and arrested until 1995. In 1996, the Petitioner received an additional twelve-month sentence for escape, to run consecutive to any other sentences.

As his primary ground for relief, the Petitioner avers that no indictment was ever issued on the charges of which he was convicted. The Petitioner also mentions that he was denied counsel, and the official court docket was falsified and removed from the

2

courthouse during his first appeal in 1979. Accordingly, the Petitioner asserts that this Court must now hold a hearing "for the purpose of certifying this conviction can not stand and this Petitioner must be freed." ECF No. 1 at 5. In the R&R, Magistrate Judge Aloi found that this Court lacks jurisdiction in the case *sub judice*, and therefore, it should be dismissed with prejudice.

## II. Discussion

After reviewing the content of his objections, the Petitioner largely rehashes the argument in his Petition as objections to Magistrate Judge Aloi's R&R. At most, the only new argument posited by the Petitioner in his objection is "the onus [is] on the citizen to show that an act by congress must be shown hallow in order to grant review. . . . That is inane. . . . Moreover the state courts can never review any act of congress for the purpose of its constitutionality, thus []no citizen can be required to do like[wise]."

> Since passage of the Court Reform Act, however, a District of Columbia prisoner seeking to collaterally attack his sentence must do so by motion in the sentencing court-the Superior Court-pursuant to D.C.Code § 23-110.4 Thus a District of Columbia prisoner bears a certain resemblance to his federal counterparts who must collaterally challenge their sentences, not by seeking a writ of habeas corpus in the district where they are in custody, but by motion pursuant to 28 U.S.C. § 2255 in the district where they were sentenced. Despite the similarity there is one obvious difference between a federal prisoner and a District of Columbia prisoner: a federal prisoner who seeks collateral relief pursuant to section 2255 is heard by an Article III court (i.e. the federal district court that imposed sentence) whereas a District of Columbia prisoner who seeks collateral relief pursuant to section 23-110 of the D.C.Code is heard by an Article I court (i.e. the Superior Court). In order to collaterally attack his sentence in an Article III court a District of Columbia prisoner faces a hurdle that a federal prisoner does not. Namely, he must show that the relief by motion in Superior Court pursuant to section 23-110 of the D.C.Code "is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g).

Byrd v. Henderson, 119 F.3d 34, 36-37 (D.C. Cir. 1997).

In determining that D.C. Code § 23-110(g) "cannot fairly be read as merely requiring the exhaustion of local remedies[,]" the Supreme Court of the United States characterized it as an "unequivocal statutory command to federal courts not to entertain an application for habeas corpus after the applicant has been denied collateral relief in the Superior Court."  Swain v. Pressley, 430 U.S. 372, 377 (1977).  Thus, even construing the Petitioner's objections liberally, no cognizable argument exists therein to support any conclusion other than the one Magistrate Judge Aloi reached in his R&R.

### III.  Conclusion

Upon careful review of the record, it is the opinion of this Court that the magistrate judge's R&R should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.  The Petitioner's Objections are **OVERRULED**.  It is further ordered that the Petitioner's Motion for Hearing [ECF No. 9] and Motion for Injunction [ECF No. 11] are **DENIED AS MOOT**.  Accordingly, the Petitioner's § 2241 petition is **DENIED and DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket of this Court.

The Clerk is directed to transmit copies of this Order to all counsel of record and to mail a copy to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket sheet.

It is so **ORDERED**.

**DATED**: December 16, 2016

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE